UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANDREW WOODS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:19-CV-247-JEM |
| | ) | |
| CITY OF HAMMOND, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint [DE 34], filed by Defendant on September 11, 2020. Defendant requests that the Court dismiss this case after Plaintiff, who is *pro se*, failed to appear at two hearings. On October 27, 2020, Plaintiff's response was docketed and on November 6, 2020, Defendant filed a reply.

**I.   Background**

On July 8, 2019, Plaintiff filed a Complaint against Defendant City of Hammond for employment discrimination, amended on April 2, 2020, and Defendant filed its Answer on April 21, 2020. On June 25, 2020, the Court held a telephonic status conference, at which Plaintiff appeared and represented that he was attempting to find an attorney. At that hearing, the Court scheduled a Rule 16 preliminary pretrial conference for August 13, 2020. On August 11, 2020, Defendant filed a Report of the Rule 26(f) Planning Meeting and represented that Plaintiff participated in the meeting but did not respond to Defendant's request for a signature on the report.

Plaintiff failed to attend the Rule 16 preliminary pretrial conference on August 13, 2020, so the Court issued an Order to Show Cause, scheduling a Show Cause Hearing for September 3,

1

2020. Plaintiff failed to appear at the show cause hearing or otherwise respond, and Defendant filed the instant Motion to Dismiss. Because there was some uncertainty as to whether Plaintiff had received the previous orders, on October 6, 2020, the Court took the instant Motion under advisement and issued a second Order to Show Cause, warning Plaintiff that the case might be dismissed. On October 27, 2020, Plaintiff filed a response to the Order to Show Cause and the Motion to Dismiss. Defendant filed a reply on November 6, 2020.

## II.     Analysis

Defendant asks the Court to dismiss this case due to Plaintiff's failure to prosecute. According to Defendant, Plaintiff has done nothing to prosecute his case since filing the original Complaint in July 2019. Specifically, Defendant states that no activity has occurred in this case in more than six months and that 28 days have passed since Plaintiff was warned of the potential dismissal of his case. Accordingly, Defendant asks the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 41 and Local Rule 41-1.

Local Rule 41-1 provides:

> The court may dismiss a civil case with judgment for costs if:
> (a) no activity has occurred in the case for six months;
> (b) the court or clerk has notified the parties that the case will be dismissed for failure to prosecute it; and,
> (c) at least 28 days have passed since the notice was given.

N.D. Ind. L. R. 41-1. This Local Rule adds some specific parameters to its federal counterpart, which sets forth the general principle for involuntary dismissal:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—

2

> except one for lack of jurisdiction, improper venue, or failure to join
> a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Court may dismiss claims pursuant to Rule 41 and has the discretion to enter dismissal with prejudice. *Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993); *accord*, *James v. McDonald's Corporation*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a "district court has the authority ... to [dismiss a case] for lack of prosecution."). The Seventh Circuit has listed several factors district courts should consider before dismissing a case under Rule 41(b):

> 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case

*Ali v. Calumet Medical Center, Inc.*, 2015 WL 1543589 (E.D. Wisc. April 7, 2015) (citing *Graham v. Schomaker*, 2000 WL 717093 at *4 (7th Cir. May 31, 2000)) (unpublished) (citing in turn, *Ball v. City of Chicago*, 2 F.3d 752, 755–58 (7th Cir. 1993)).

In this case, Plaintiff failed to attend the Rule 16 preliminary pretrial conference on August 13, 2020, and failed to comply with the Court's August 14, 2020, Order to Show Cause. However, it was not apparent from the docket whether Plaintiff received the Court's August 14, 2020 Order, since no return receipt was docketed and a search of the tracking number did not confirm receipt. Plaintiff represents that approximately two weeks after he participated in the Rule 26 planning meeting, he suffered from a stroke and was hospitalized. In the reply, Counsel for Defendant represents, "Plaintiff (nor anyone on his behalf) never contacted the undersigned or the Court at any time after receiving the Court's Order." However, Plaintiff attaches email correspondence

3

from August 19, 2020, in which, Shana D. Levinson, counsel for Defendant, was informed of his medical emergency. Plaintiff contends that he was unable to attend the Rule 16 preliminary pretrial conference due to his illness and that he has since been attempting to communicate with counsel for Defendant, an assertion that Attorney Levinson disputes.

The Court finds that, given Plaintiff's participation in the Rule 26 planning meeting on August 4, 2020, activity has occurred in this case within the past 6 months. Furthermore, the Court finds that Plaintiff's medical emergency demonstrates good cause for his failure to attend the Rule 16 preliminary pretrial conference and for his failure to respond to the August 14, 2020, Order to Show Cause.

Finally, the Court finds Defendant's representations to the Court to be concerning. According to the email exhibits attached to Plaintiff's response, Defendant's counsel, Shana D. Levinson, was notified on August 19, 2020, that Plaintiff suffered from a stroke and was hospitalized. At the September 3, 2020 show cause hearing, Defendant's counsel represented to the Court that she had been notified that Plaintiff had been experiencing "some medical conditions," but the Court finds this representation disingenuous in light of the information apparently known to counsel at that time. Defendant also fails to include any acknowledgement of Plaintiff's hospitalization in its Motion to Dismiss, instead stating that, "Plaintiff has done nothing to prosecute the [case]," and first acknowledged Plaintiff's medical condition in its reply.

**III.   Conclusion**

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss Plaintiff's Complaint [DE 34] and **ADMONISHES** Defendant of the importance of providing truthful representations

to the Court. *Tomczyk v. Blue Cross & Blue Shield United of Wis.*, 951 F.2d 771, 778 (7th Cir. 1991) "([A]ttempts to mislead this Court through bold misrepresentations of fact and law, disserve the parties, opposing counsel, and this Court").

SO ORDERED this 9th day of November, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*

5